**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SHERRYL L. MADISON, | ) | No. CV-08-1562-PHX-GMS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| FIRST MAGNUS FINANCIAL CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Pending before the Court are: (1) the Motion for Additional Time of Plaintiff Sherryl Madison (Dkt. # 236); (2) the Motion to Quash Subpoena of Defendants Eva Espinoza, DHI Title, and Monique Yabo (Dkt. # 210); (3) the Motions to Dismiss and Motions for Summary Disposition of Defendant Fidelity National Foreclosure Solutions (Dkt. ## 183, 235) and Defendants Fremont Investment & Loan and Mortgage Electronic Registration Systems (Dkt. ## 187, 227); (4) the Motion for Reconsideration and Motion for Summary Disposition of Defendant IndyMac Bank and IndyMac Federal Bank (Dkt. ## 233, 226); (5) Defendants Argent Mortgage Company and AMC Mortgage Services' Joinder in the Motions for Summary Disposition of Defendants IndyMac Bank, IndyMac Federal Bank, Fremont Investment & Loan, and Mortgage Electronic Registration Systems (Dkt. # 229); (6) the Motion for Summary Disposition of Defendants HomEq Servicing and Mortgage Electronic Registration Systems (Dkt. # 230); and (7) the Motions to Consolidate of Plaintiff Sherryl

Madison (Dkt. # 184) and Defendants IndyMac Bank and IndyMac Federal Bank (Dkt. # 232). The Court will address each motion in turn.

### I. Motion for Additional Time of Plaintiff Sherryl Madison (Dkt. # 236)

Local Rule 7.2(c) states that "[t]he opposing party shall . . . have ten (10) days after service in a civil or criminal case within which to serve and file a responsive memorandum." On July 1, 2009, the Court informed Plaintiff that she had failed to comply with Local Rule 7.2(c) and extended the time in which Plaintiff could respond to the motions filed by Defendants Fidelity National Foreclosure Solutions, Fremont Investment & Loan, and Mortgage Electronic Registration Systems to and including July 17, 2009. (Dkt. # 223.) On July 24, 2009, one week after the deadline to respond, Plaintiff filed her Motion for Additional Time to Answer the motions filed by Defendants Fidelity National Foreclosure Solutions, Fremont Investment & Loan, Mortgage Electronic Registration Systems, IndyMac Bank, IndyMac Federal Bank, and HomEq Servicing.[1] (Dkt. # 236.) Plaintiff requests additional time "because (1) she has conducted just 1 of several scheduled depositions and cannot adequately respond to the Motions until at least 2 more of the depositions are completed [and] (2) [t]he defendants have filed several forcible detainers in the Superior Court where plaintiff is required to appear and defend against the forcible removal of her family and assisted living patients from the subject properties." (*Id.* at 2.)

Initially, Plaintiff is not entitled to conduct discovery at this point in the litigation. *See* Fed. R. Civ. P. 26(d)(1). Because this litigation is still in the pleading stage, Plaintiff is not entitled to notice depositions, nor should depositions be necessary to respond to the pending motions to dismiss. Second, while the Court is not unsympathetic to Plaintiff's circumstances, the Court must also be cognizant of the amount of time and finances that are

---

[1] On July 22, 2009, the Court extended the date by which Plaintiff must file her responses to the Motions to Dismiss of Defendants IndyMac Bank and IndyMac Federal Bank (Dkt. # 188) and Defendants HomEq and Mortgage Electronic Registration System (Dkt. # 192) to and including August 7, 2009. (Dkt. # 231.) To the extent that Plaintiff seeks additional time to respond to these motions beyond August 7, 2009, her motion is denied.

- 2 -

being expended by many of the twenty-six named defendants in defending this action. Plaintiff filed her initial complaint nearly one year ago and, as of the date of this Order, the litigation has not proceeded beyond the pleading stage. Nor has this passage of time resulted in a narrowed scope or number of parties. Indeed, Plaintiff's Second Amended Complaint ("SAC") has increased the number of defendants and included claims not previously asserted. The majority of the pending motions to dismiss once again contest the sufficiency of Plaintiff's amended pleading and the extent of her adherence to the Court's prior orders.

The Court has taken care and gone to some lengths to give Plaintiff a fair opportunity to plead her claims and be heard in response to Defendants' motions. This includes the *sua sponte* granting of extensions of time for Plaintiff to respond to the pending motions. The time has passed in which Plaintiff can be fairly expected to have reasonably plead her claims. Consequently, Plaintiff's Motion for Additional Time is denied.

**II. Motion to Quash Subpoena of Defendants Eva Espinoza, DHI Title, and Monique Yabo (Dkt. # 210)**

On June 15, 2009, Plaintiff filed Notices of Depositions for Defendants Monique Yabo, Eva Espinoza, Tony Smart, Latoiya Warrick, and Jessenia Garcia. (Dkt. ## 202-206.) On June 18, 2009, Defendants DHI Title, Eva Espinoza, and Monique Maldonado (formerly Monique Yabo) filed their objection to the deposition notices and moved to quash the subpoenas. (Dkt. # 210.)

Federal Rule of Civil Procedure 26(d)(1) states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." None of the exceptions to the general rule apply. Therefore, Plaintiff is not entitled to engage in premature discovery and Defendants' Motion to Quash is granted.

/ / /

/ / /

/ / /

/ / /

**III. Motions to Dismiss and Motions for Summary Disposition of Defendant Fidelity National Foreclosure Solutions (Dkt. ## 183, 235) and Defendants Fremont Investment & Loan and Mortgage Electronic Registration Systems (Dkt. ## 187, 227)**

On June 8, 2009, Defendant Fidelity National Foreclosure Solutions ("FNFS") filed their Motion to Dismiss Plaintiff's SAC. (Dkt. # 183.) Similarly, on June 12, 2009, Defendants Fremont Investment & Loan ("Fremont") and Mortgage Electronic Registration Systems ("MERS") filed their Motion to Dismiss the SAC. (Dkt. # 187.) The Motions, filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b), seek dismissal with prejudice of all relevant claims.

Local Rule 7.2(c) states that, "[t]he opposing party shall . . . have ten (10) days after service in a civil or criminal case within which to serve and file a responsive memorandum." On July 1, 2009, the Court informed Plaintiff that she had failed to comply with Local Rule 7.2(c) and extended the time in which Plaintiff could respond to Defendants' Motions to and including July 17, 2009. (Dkt. # 223.) Plaintiff was warned that failure to file a response brief "may be deemed consent to the . . . granting of the motion and the Court may dispose of the motion summarily" (*id.* at 1), and this "could result in the dismissal of certain claims and defendants" (*id.* at 2). Despite the warning and extension of time, Plaintiff failed to file a response to the Motions. Consequently, Defendants FNFS, Fremont, and MERS moved for summary disposition pursuant to Local Rule 7.2(i). (Dkt. ## 227, 235.)

Local Rule 7.2(i) provides that an unrepresented party's failure to respond to a motion "may be deemed consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that a district court did not err in dismissing a pro se plaintiff's complaint for failing to comply with a local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order). The Ninth Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362,

1364-65 (9th Cir. 1986) (stating that pro se litigants should not be treated more favorably than parties represented by attorneys).

The Ninth Circuit has established

> a five-part test to determine whether the dismissal sanction is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (internal quotations omitted); *see also Ferdik*, 963 F.2d at 1260. However, "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositve sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057.

**Factor 3 – Risk of Prejudice to Defendants**

Defendants FNFS, Fremont, and MERS will be prejudiced by Plaintiff's ongoing refusal to respond to their motions to dismiss and failure to comply with the Court's orders. Defendants have expended significant amounts of time and finances to timely address Plaintiff's claims. Plaintiff's failure to respond, if permitted to continue, would only frustrate Defendants' efforts and cause them to incur additional expenses.

In the SAC, Plaintiff again asserts collective allegations of misconduct giving rise to twenty-two causes of action against all named defendants, despite the fact that the majority of the defendants were apparently involved with only one of Plaintiff's six properties and despite the fact that many of the defendants were not involved during the times in which Plaintiff either refinanced or purchased her properties. (*See* Dkt. # 181.) Plaintiff's collective allegations and claims were included in her SAC despite the Court's Order explaining why doing so is improper and despite explicit direction that she "specifically allege each legal right Plaintiff believes was violated, the specific defendant(s) who violated

- 5 -

the right, a sufficient factual context under *Twombly* to give the defendant notice of what conduct or omission gives rise to the violation, . . . and the specific injury Plaintiff suffered." (Dkt. # 143 at 8.) In that Order, the Court warned Plaintiff that "If [she] elects to file an amended complaint and fails to comply with the provisions of this Order, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.*)

In their Motions to Dismiss, Defendants FNFS, Fremont, and MERS seek dismissal with prejudice, arguing that dismissal is warranted because: (1) Plaintiff failed to comply with the Court's prior orders; (2) Plaintiff fails to state a claim upon which relief could be granted; (3) Plaintiff's claims are barred under the doctrine of claim preclusion; and (4) Plaintiff's claims are barred by the applicable statue of limitations. (Dkt. ## 183, 187.) These arguments are fairly and timely raised in this action and deserve a timely response by Plaintiff. The Court has been flexible in ensuring Plaintiff had an opportunity to plead her claims and be heard in response to Defendants' motions. To continue to permit Plaintiff to engage in delay and silence would be to significantly prejudice those defendants actively seeking to clarify and narrow this action.

Therefore, factor 3 weighs heavily in favor of dismissal.

**Factor 5 – Availability of Less Drastic Sanctions**

Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057. While less drastic sanctions may be available, they are not appropriate here. The Court has granted Plaintiff ample time to respond to Defendants' motions and has explicitly warned her that failure to do so could result in granting of the motion and "could result in the dismissal of certain claims and certain defendants." (Dkt. # 223 at 1-2.) Plaintiff nonetheless failed to respond or take any other action to prosecute her claims. Therefore, factor 3 weighs in favor of dismissal.

With four factors weighing in favor of dismissal and one factor weighing against, dismissal is appropriate here. *See, e.g.*, *Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08

(9th Cir. 2008) (upholding dismissal under Local Rule 7.2(i) where the first three factors all weighed in favor of dismissal); *Ghazali*, 46 F.3d at 53-54 (upholding summary dismissal of a pro se plaintiff's action for failure to follow the court's local rules).

Therefore, the Motions to Dismiss of Defendant FNFS (Dkt. # 183) and Defendants Fremont and MERS (Dkt. # 187), and those Defendants' Motions for Summary Disposition (Dkt. ## 227, 235), are granted.

**IV. Motion for Reconsideration and Motion for Summary Disposition of Defendant IndyMac Bank and IndyMac Federal Bank (Dkt. ## 233, 226)**

In its July 1, 2009 Order, the Court directed Plaintiff to respond to the Motion to Dismiss of Defendants IndyMac Bank and IndyMac Federal Bank (Dkt. # 188) by July 17, 2009. (Dkt. # 223.) However, it was subsequently brought to the Court's attention that these defendants' Motion to Dismiss was made pursuant to Federal Rule of Civil Procedure 12(b)(1) (*see* Dkt. # 226 at 2), rather than pursuant to Federal Rule of Civil Procedure 12(b)(6), as the Court erroneously indicated. Because Local Rules 7.2(c), 12(b), and 56.1(d) grant a party opposing a motion filed pursuant to Rule 12(b)(1) "thirty (30) days after service within which to serve and file a responsive memorandum in opposition," rather than the ten days afforded by Local Rul 7.2(c), the Court extended the time in which Plaintiff must file a response to the Motion to Dismiss of Defendants Indymac Bank and Indymac Federal Bank to August 7, 2009. (Dkt. # 231 at 2.) On July 22, 2009, Defendants IndyMac Bank and IndyMac Federal Bank moved for reconsideration of the Court's decision, arguing that Plaintiff was afforded the requisite thirty days in the July 1, 2009 Order and that she should not require additional time due to the nature of the motion. (Dkt. # 233.)

As a general principle, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Under the specific rules of this District, "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a

showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

Here, Defendants do not articulate a sufficient basis for seeking reconsideration. District courts have the inherent authority to manage their own dockets. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008); *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990) ("District courts have inherent power to control their dockets."). Despite their general disagreement with the Court's decision to grant Plaintiff until August 7, 2009, in which to file her response to their motion, Defendants have not articulated any "clear error," "manifest error," or contravening legal authority. Therefore, Defendants Motion for Reconsideration is denied.

In light of this ruling, and the July 22, 2009 Order extending the time in which Plaintiff could respond to these defendants' Motion to Dismiss, their Motion for Summary Disposition (Dkt. # 226) is denied as moot.

**V. Defendants Argent Mortgage Company and AMC Mortgage Services Joinder in the Motions for Summary Disposition of Defendants IndyMac Bank, IndyMac Federal Bank, Fremont Investment & Loan, and Mortgage Electronic Registration Systems (Dkt. # 229)**

On July 21, 2009, Defendants Argent Mortgage Company ("Argent") and AMC Mortgage Services ("AMC") filed a joinder in the Motions for Summary Disposition of Defendants IndyMac Bank, IndyMac Federal Bank, Fremont Investment & Loan, and Mortgage Electronic Registration Systems. (Dkt. # 229.) In their joinder, Argent and AMC contend that Plaintiff has violated the Court's Order of July 1, 2009. (*Id.* at 2.) However, contrary to this contention, the July 1, 2009 Order did not refer to the motion filed by Argent and AMC, nor did it require Plaintiff to respond to it by July 17, 2009. (*See* Dkt. # 223.) Plaintiff responded to Argent and AMC's motion on July 20, 2009. (Dkt. # 228.) Because Plaintiff filed her response, the Court is unable to summarily dispose of the motion. Therefore, Argent and AMC's joinder in the Motions for Summary Disposition is denied.

Additionally, in light of the response filed by Plaintiff, Defendants Argent and AMC are directed to file their reply brief before 5:00 P.M. on August 14, 2009.

1　**VI.　Motion for Summary Disposition of Defendants HomEq Servicing and Mortgage Electronic Registration Systems (Dkt. # 230)**

On July 21, 2009, Defendant HomEq Servicing and Mortgage Electronic Registration Systems[2] filed their Motion for Summary Disposition. (Dkt. # 230.) However, on July 22, 2009, the Court extended the time in which Plaintiff could respond the these defendants' motion. (Dkt. # 231.) Consequently, the motion is denied as moot.

**VII.　Motions to Consolidate of Plaintiff Sherryl Madison (Dkt. # 184) and Defendants IndyMac Bank and IndyMac Federal Bank (Dkt. # 232)**

On June 8, 2009, Plaintiff filed a Motion to Consolidate Case No. CV-09-1176-PHX-JAT with Case No. CV-09-1562-PHX-GMS. (Dkt. # 184.) Likewise, on July 22, 2009, the plaintiff in Case No. CV-09-1508-PHX-MEA, Federal Home Loan Mortgage Corporation, filed a motion to consolidate Case No. CV-09-1508-PHX-MEA with Case No. CV-09-1176-PHX-JAT. (Dkt. # 232.)　42a3

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." Rule 42(a) also permits the Court to "issue any other orders to avoid unnecessary cost or delay." Similarly, Local Rule 42.1(b) provides:

> Whenever two or more cases are pending before different Judges and any party believes that such cases (A) arise from substantially the same transaction or event; (B) involve substantially the same parties or property . . . (D) calls for determination of substantially the same questions of law; or (E) for any other reason would entail substantial duplication of labor if heard by different Judges, any party may file a motion to transfer the case or cases involved to a single Judge.

The cases at issue here involve common questions of both law and fact, involve similar parties and similar properties, and assert similar claims. No party has opposed consolidation or transfer of these cases. The Court finds transfer appropriate under these circumstances.

---

[2]Pursuant to this Order, Mortgage Electronic Registration Systems is dismissed with prejudice based upon the Motion to Dismiss of Defendants Fremont Investment & Loan and Mortgage Electronic Registration Systems (Dkt. # 187).

| | |
|---|---|
| 1 | The District's local rules provide that assignment of transferred or consolidated cases |
| 2 | should be consistent with the extent to which substantive matters have been considered in |
| 3 | any given case, which judge has the most familiarity with the issues of the cases, whether any |
| 4 | given case is reasonably viewed as the lead or principal case, and any other factor advancing |
| 5 | the interests of judicial economy. *See* LRCiv 42.1(a)(4). Here, all of the factors weigh in |
| 6 | favor of assigning the cases to this Division – the Division currently assigned the case that |
| 7 | was filed first. Therefore, the motions (Dkt. ## 184, 232) are granted, and Case No. CV-09- |
| 8 | 1176-PHX-JAT and Case No. CV-09-1508-PHX-MEA are transferred to this Division. |

## CONCLUSION

Having considered the motions pending before the Court:

**IT IS HEREBY ORDERED** that:

1. The Motion for Additional Time of Plaintiff Sherryl Madison (Dkt. # 236) is **DENIED**.

2. The Motion to Quash Subpoena of Defendants Eva Espinoza, DHI Title, and Monique Yabo (Dkt. # 210) is **GRANTED**.

3. The Motions to Dismiss and Motions for Summary Disposition of Defendant Fidelity National Foreclosure Solutions (Dkt. ## 183, 235) and Defendants Fremont Investment & Loan and Mortgage Electronic Registration Systems (Dkt. ## 187, 227) are **GRANTED**.

4. Defendants Fidelity National Foreclosure Solutions, Fremont Investment & Loan, and Mortgage Electronic Registration Systems are **DISMISSED WITH PREJUDICE**.

5. The Motion for Reconsideration and Motion for Summary Disposition of Defendant IndyMac Bank and IndyMac Federal Bank (Dkt. ## 233, 226) are **DENIED**.

6. Argent Mortgage Company and AMC Mortgage Services' Joinder in the Motions for Summary Disposition of Defendants IndyMac Bank, IndyMac Federal Bank, Fremont Investment & Loan, and Mortgage Electronic Registration Systems (Dkt. # 229) is **DENIED**.

7. Defendants Argent Mortgage Company and AMC Mortgage Services are to file their reply brief to their Motion to Dismiss (Dkt. # 209) before **5:00 P.M.** on **August 14, 2009**.

8. The Motion for Summary Disposition of Defendants HomEq Servicing and Mortgage Electronic Registration Systems (Dkt. # 230) is **DENIED**.

9. The Motions to Consolidate of Plaintiff Sherryl Madison (Dkt. # 184) and Defendants IndyMac Bank and IndyMac Federal Bank (Dkt. # 232) are **GRANTED**.

10. Case No. CV-09-1176-PHX-JAT and Case No. CV-09-1508-PHX-MEA are **TRANSFERRED** to this Division.

DATED this 31st day of July, 2009.

*/s/ G. Murray Snow*
G. Murray Snow
United States District Judge